**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE LUIS MENDEZ-GORDILLO, | Case No.: 2:26-cv-00579-APG-BNW |
| Petitioner | **Order Requiring Supplemental Briefing** |
| v. | |
| TODD BLANCHE, *et al.*,[1] | |
| Respondents | |

Jose Luis Mendez-Gordillo is a noncitizen from Peru currently detained by Immigration and Customs Enforcement (ICE). ECF No. 10-1 at 2.  He entered the United States in December 2022 without inspection, and Border Patrol agents paroled him into the country.[2] *Id.* at 4.  In December 2025, he was arrested for driving under the influence and detained by ICE. *Id.* at 3. An immigration judge ordered him removed to Peru or in the alternative, Argentina, and his appeal of that order is pending. ECF Nos. 10-4 at 4; 10-5 at 2.

In an immigration context, there are different types of parole and different reasons that an alien may be paroled.  If the alien is detained under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2), the alien may be released on parole "for urgent humanitarian reasons or significant public benefit" under § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018).  Parole under § 1182(d)(5)(A) may also be extended to those who applied for asylum in advance under 8 C.F.R. § 212.5(f). *See Chanaguano Caiza v. Scott*, No. 1:25-CV-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025).  Additionally, some immigration programs offered by the

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

[2] Mendez-Gordillo's Notice to Appear states that he was not paroled. ECF No. 10-2 at 2.  This adds to further confusion meant to be remedied by this order.

Department of Homeland Security have authorized parole under § 1182(d)(5)(A) for aliens from certain countries, such as the CHNV Parole Programs. *See Coal. for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 65 (D.D.C. 2025); Implementation of a Parole Process for Cubans, 88 Fed. Reg. 1266, 1272 (Jan. 9, 2023) ("[S]ection 212(d)(5)(A) [(codified at 8 U.S.C. § 1185(d)(5)(A)] of the INA confers upon the Secretary of Homeland Security the discretionary authority to parole noncitizens . . . .").[3]  Alternatively, if the alien is paroled under § 1226(a), it may be a "conditional parole." *Jennings*, 583 U.S. at 288 (simplified).

The parties have not identified the statutory or regulatory basis for Mendez-Gordillo's parole.  I therefore order supplemental briefing to identify whether he was paroled under § 1182(d)(5)(A), § 1226(a), or some other authority.  That will guide resolution of the remaining issues.  If Mendez-Gordillo was paroled under § 1182(d)(5)(A), the parties must identify the basis for granting him that parole.  The parties should provide orders or other written documents, if any, showing how he was paroled.

I THEREFORE ORDER the parties to submit supplemental briefing, limited to five pages, on the statutory or regulatory basis for Mendez-Gordillo's parole per the following schedule: (1) simultaneous opening briefs are due May 29, 2026 and (2) simultaneous response briefs are due June 4, 2026.

DATED this 20th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

_____

[3] This is not an exhaustive list of pathways to § 1182(d)(5)(A) parole.

2